# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2876 | **DATE** | 11/20/2012 |
| **CASE TITLE** | Valukas vs. Marinaccio, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [14] is denied. Status hearing set to 11/30/2012 to stand.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants, the law firm Botti Marinaccio, Ltd. and Lee A. Marinaccio, a partner at said law firm (collectively "Marinaccio") move to dismiss Plaintiff James Valukas's ("Valukas") complaint as barred by the applicable statute of limitations as well as the Illinois statute of repose. Valukas argues that Marinaccio is estopped from asserting any statute of limitations or repose defenses because Marinaccio continuously misled Valukas by making assurances and representations to him that he would not incur any future liability as a result of his estranged wife's claims. For the foregoing reasons, Marinaccio's motion to dismiss is denied.

  1. *Illinois Statute of Limitations*

The Illinois statute of limitations for malpractice is subject to a "discovery rule" whereby the two-year limitations period begins to run only when a plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Morris v. Margulis*, 197 Ill. 2d 28, 35–36 (Ill. 2001) (internal citations omitted); 735 Ill. Comp. Stat. Ann. 5/13-214.3 (West 2012). Generally, this discovery date is a question of fact. *Morris*, 197 Ill. 2d at 36. However, the discovery date will be a question for the court where it is apparent from the undisputed facts that only one conclusion can be drawn. *Id*. at 36.

Here, Marinaccio argues that Valukas knew or should have known that Marinaccio's actions had opened him up to liability when his estranged wife first brought suit in 2006. Marinaccio argues further that at the latest date Valukas was put on notice of potential liability in 2009, when his former wife reinitiated her suit against him. Therefore, Marinaccio argues that Valukas had until the Fall of 2011 at the latest to commence his malpractice suit. Valukas argues that Marinaccio continually reassured him from 2006 through 2011 that his estranged wife's claims were meritless, and therefore Marinaccio should be estopped from asserting its statute of limitations defense.

Due to Marinaccio's continuous reassurances to Valukas, it is unclear at what time between 2006 and 2011 that Valukas had sufficient information to know that Marinaccio had been negligent. Valukas's knowledge of Marinaccio's mistakes seems particularly ambiguous given the fact that Marinaccio was able to

**STATEMENT**

resolve the first suit brought by Valukas's estranged wife in 2006. *See, e.g.*, *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 631, 632 (Ill. 1994) (noting that the mere filing of a lawsuit against a client is insufficient to induce the client to seek a second legal opinion).

Moreover, a cause of action for legal malpractice will generally not accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which the plaintiff has become entangled due to the purportedly negligent advice of his attorneys. *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 356 (Ill. App. Ct. 1st Dist. 1998). In this case, such a date would have been sometime in 2011 when Valukas conclusively resolved the dispute with his former wife after obtaining new counsel. A 2011 discovery date would not be barred by the limitations period. It is not apparent from the undisputed facts currently before the Court that only one conclusion can be drawn as to the discovery date. Accordingly, the running of the statute of limitations cannot be determined as a matter of law at this stage of the proceedings.

2. *Statute of Repose*

Unlike the Illinois statute of limitations the statute of repose is not subject to the discovery rule. Indeed, the statute of repose extinguishes an action after a fixed period of time regardless of when the action accrued and is applicable in all actions for professional malpractice. 735 Ill. Comp. Stat. Ann. 5/13-214.3 (West 2012); *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (Ill. 2006); *see also Bohannon v. Howie*, No. 07 C 1383, 2007 U.S. Dist. LEXIS 55872, at *4 (N.D. Ill. Aug. 1, 2007). The six year limitation under the statute of repose begins to run from the date of the initial malpractice which gave rise to the plaintiff's loss and created the subsequent need for remediation. *Mauer v. Rubin*, 401 Ill. App. 3d 630, 646 (Ill. App. Ct. 1st Dist. 2010).

Marinaccio argues that, here, the six year limitation begins to run from the date of the execution of the Agreement. Valukas essentially argues that Marinaccio engaged in a continuous course of negligent conduct which included drafting the defective Agreement and representing Valukas in subsequent proceedings brought by his former wife in 2006 and 2009. Therefore, Valukas argues that the statute of repose began to run in 2011 at the end of Marinaccio's continuous course of negligent conduct when Valukas sought new counsel.

While Illinois courts have expressly rejected a continuous representation rule in legal malpractice actions, equitable estoppel is still applicable in all actions for professional malpractice. *See Tidemann v. Schiff, Hardin & Waite*, No. 03 C 998, 2005 WL 475163, at *2 (N.D. Ill. Feb. 28, 2005); *see also Bohannon*, 2007 U.S. Dist. LEXIS 55872, at *4. Valukas's period of repose began to run on September 29, 2004, the date giving effect to Marinaccio's negligent act of improperly drafting and executing the Agreement. Unless the doctrine of equitable estoppel is applicable here, under the Illinois statute of repose any action surrounding damages arising out of this Agreement extinguished on September 24, 2010. The discovery rule does not apply, and whether Valukas knew or should have known of his injury notwithstanding Marinaccio's alleged reassurances between 2006 and 2011, is irrelevant. *See, e.g.*, *O'Brien v. Scovil*, 332 Ill. App. 3d 1088, 1089 (Ill. App. Ct. 3d Dist. 2002) ("But the statute of repose is not subject to the discovery rule."). Accordingly, the dispositive question here is whether Valukas properly relies on equitable estoppel.

In order to successfully invoke the doctrine of equitable estoppel the following elements must be met:

> (1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when that party decided to act, or not, upon the representations; (4) the other person intended or reasonably expected that the party claiming estoppel would determine whether to act, or not, based upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof.

*DeLuna*, 223 Ill. 2d at 82–83.

In his complaint, Valukas alleges that Marinaccio negligently drafted his divorce Agreement and

**STATEMENT**

falsely assured him that the demands being made by his estranged wife in 2006 and 2009 were groundless. Valukas alleges that Marinaccio promised him that he would not incur any future liability as a result of his estranged wife's claims and that Valukas relied in good faith on those assurances and promises. Valukas alleges further that Marinaccio continually failed or refused to acknowledge their mistakes in drafting and negotiating the Agreement and that Marinaccio failed or refused to properly advise him concerning his obligations under the Agreement and potential for future liability. Valukas alleges that but for Marinaccio's actions he would not have incurred the fees of continued litigation with his estranged wife or attorney's fees to replace Marinaccio in the underlying divorce action.

While the allegations are not precisely labeled as being designed to equitably estop Marinaccio from raising the statutes of limitations and repose in response to Valukas's complaint, the allegations are sufficiently clear that such a claim is raised. *Hester v. Diaz*, 346 Ill. App. 3d 550, 555 (Ill. App. Ct. 5th Dist. 2004). Accordingly, Valukas adequately alleges equitable estoppel to make it past the motion to dismiss pleading stage.

**Conclusion**

For the reasons stated above Defendant's motion to dismiss is denied.