# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES VALUKAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12-cv-2876 |
| BOTTI MARINACCIO, LTD and LEE A. | ) | |
| MARINACCIO, | ) | |
|     Defendant. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Valukas ("Valukas") retained defendants Botti, Marinaccio, Ltd. and Lee A. Marinaccio (collectively "Marinaccio" or "defendants") to represent him in an underlying divorce action. Valukas brought suit against Marinaccio alleging legal malpractice. After Valukas presented his case in chief before a jury, Marinaccio moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a) arguing: 1) that Valukas failed to make a prima facie case of professional malpractice; and 2) Valukas failed to meet his burden for the application of equitable estoppel on his complaint that would otherwise be barred by the statute of repose. For the following reasons, defendants' motion is granted.

**Background**

In the underlying action, Marinaccio drafted Valukas' Marital Settlement Agreement (the "Agreement") which was executed on September 29, 2004. Article II, Section 3 of the Agreement provided that Valukas would continue to pay his former wife maintenance payments equal to thirty percent of his net "earned income." Valukas' former wife subsequently sought to collect maintenance on the exercise of non-marital stock options as earned income. Valukas, represented by the defendants, disputed whether his wife was entitled to such stock options. When Marinaccio was unable to resolve the dispute with Valukas' former wife short of trial, Valukas hired new counsel who later reached a settlement with his former wife. Valukas then brought this instant action against Marinaccio for legal malpractice alleging that Marinaccio was negligent in his representation of him in the underlying divorce action. Valukas contends that the defendants consistently reassured him that his former wife's claims were without merit and that the stock options were not included as "earned income" in order to conceal their negligent

1

drafting of the Agreement. Marinaccio now moves for a directed verdict arguing that Valukas has failed to establish a prima facie case for professional malpractice and has failed to place "clear and unequivocal" evidence before the Court in support of his argument for the application of equitable estoppel.

**Legal Standard**

Pursuant to Fed. R. Civ. P. 50(a), if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue, the court may resolve the issue against the party. A motion for directed verdict should be granted only if all of the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. *Jackson v. Bunge Corp.*, 40 F.3d 239, 242 (7th Cir. 1994). In addition to moving for a directed verdict, the defendants renew their motion to dismiss this case as barred by the statute of repose. The burden is on the plaintiff to establish equitable estoppel by clear and convincing evidence. *Falcon Funding, LLC v. City of Elgin*, 399 Ill. App. 3d 142, (Ill. App. Ct. 2d Dist. 2010); *see also Jenkins v. Nat'l R.R. Passenger Corp.*, 2008 U.S. Dist. LEXIS 47773, 2008 WL 2520414 *6 (N.D. Ill. June 20, 2008).

**Discussion**

Initially, this Court notes that but for the doctrine of equitable estoppel, Valukas' claims are barred as of September 29, 2010, pursuant to the statute of repose.[1] Earlier in this litigation, this Court denied defendants' motion for summary judgment based on questions of fact surrounding Marinaccio's representations to Valukas regarding his ex-wife's rights to post-decree stock options. However, this Court noted that while Valukas' claims would not be dismissed on summary judgment, dismissal of his claims may be appropriate at trial on a directed verdict. Accordingly, this Court invited either party to move for a directed verdict based on any

---

[1] The statute of repose extinguishes an action after a fixed period of time regardless of when the action accrued and is applicable in all actions for professional malpractice. 735 Ill. Comp. Stat. Ann. 5/13-214.3 (West 2012); *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (Ill. 2006); *see also Bohannon v. Howie*, No. 07 C 1383, 2007 U.S. Dist. LEXIS 55872, at *4 (N.D. Ill. Aug. 1, 2007). The six-year limitation under the statute of repose begins to run from the date of the initial malpractice which gave rise to the plaintiff's loss and created the subsequent need for remediation. *Mauer v. Rubin*, 401 Ill. App. 3d 630, 646 (Ill. App. Ct. 1st Dist. 2010). Here, the six-year limitation began to run on September 29, 2004, the date giving effect to Marinaccio's negligent act of improperly drafting and executing the marital settlement agreement. As such, pursuant to the statute of repose Valukas' claims were barred as of September 29, 2010.

issues that were considered in the parties' motions for summary judgment. (Dkt. 141). In order to successfully invoke the doctrine of equitable estoppel Valukas must establish the following:

> (1) Marinaccio misrepresented or concealed material facts; (2) Marinaccio knew at the time he made the representations that they were untrue; (3) Valukas did not know that the representations were untrue when they were made and when he decided to act, or not, upon the representations; (4) Marinaccio intended or reasonably expected that Valukas would determine whether to act, or not, based upon the representations; (5) Valukas reasonably relied upon the representations in good faith to his or her detriment; and (6) Valukas would be prejudiced by his reliance on the representations if Marinaccio is permitted to deny the truth thereof.

*See DeLuna v. Burciaga*, 223 Ill. 2d 49 (Ill. 2006).

Even if this Court assumes that Marinaccio misrepresented and concealed material facts by knowingly making untrue representations about the strength of the plaintiff's former wife's claims, Valukas fails to demonstrate that he did not discover Marinaccio's alleged fraudulent concealment prior to the running of the limitations period. Equitable estoppel will not apply if "the claimant discovers the fraudulent concealment, or should have discovered it through ordinary diligence, and a reasonable time remains within the remaining limitations period." *Rossetti v. Wascher*, No. 07 C 4907, 2011 U.S. Dist. LEXIS 22262 (N.D. Ill. Mar. 3, 2011) (citing *Mauer v. Rubin*, 926 N.E.2d 947, 963 (Ill. App. Ct. 1st Dist. 2010)).

Valukas testified at trial that he received a correspondence letter from Marinaccio dated July 23, 2009, in which Marinaccio clearly indicated that he was having problems interpreting sections of the Agreement and his former wife's claims to post-divorce stock options. (Def.'s Ex. 13). The letter specifically provided that there was an issue as to whether incentive stock options were considered incentive pay to be included in the thirty percent maintenance payments owed to Valukas' former wife. At the very least, this letter and the fact that Valukas' former wife was once again seeking legal action against him in pursuit of post-divorce stock options put Valukas on notice that there was a problem which he could have discovered through ordinary diligence.

Any concealment of issues by Marinaccio concerning the strength of Valukas' former wife's claims no longer existed once Marinaccio expressly stated that he "struggled considerably" with the tax information Valukas provided him for purposes of determining what maintenance his former wife was entitled to. Valukas himself testified that he understood the letter to mean that there were problems with the interpretation of the Agreement, but Valukas

3

maintains that Marinaccio assured him that he would handle it. (Trial Transcript 6/18/13, 336:10-13). Valukas' expectation that his attorney would resolve the problems to his satisfaction does not obviate the fact that Valukas had knowledge of the problem which he claims Marinaccio concealed from him. Furthermore, Valukas testified that he sent a letter to Marinaccio on July 30, 2010, in which he complained that the Agreement as drafted left him open to "unlimited returns to court and continuous legal fees." (Defs.' Ex. 18). Valukas testified that he knew "something [was] wrong" when he sent the letter expressing his frustrations with the continued litigation. Moreover, in oral arguments in opposition to Marinaccio's motion for directed verdict, Valukas provides no compelling reasons or evidence as to why he was not placed on adequate notice of the drafting problems as of the July 23, 2009 or July 30, 2010 letters. (Trial Transcript 6/18/13, 536:24-543:14). Valukas fails to rebut the argument presented by defendants that he knew or should have known the truth concerning potential drafting problems and liabilities under the Agreement.

**Conclusion**

Accordingly, the defendants' motion for directed verdict is granted. The plaintiff's complaint is barred by the statute of repose and the plaintiff has failed to sustain his burden for an equitable estoppel defense. With this finding, this Court need not address the remaining contentions of defendants' motion for directed verdict.

IT IS SO ORDERED.

———————————
Date: June 19, 2013

———————————
Sharon Johnson Coleman
United States District Judge

4